Teresa S. Renaker – *application for admission pending*
Jacob Richards – *application for admission pending*
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
476 – 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
trenaker@lewisfeinberg.com
jrichards@lewisfeinberg.com

Robert B. June, Attorney Bar Number: P51149
LAW OFFICES OF ROBERT JUNE, P.C.
415 Detroit Street, 2nd Floor
Ann Arbor, MI 48104-1117
(734) 481-1000
bobjune@junelaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROBERT JOHNSTON,<br>individually and on behalf of a class of all<br>other persons similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>DOW EMPLOYEES' PENSION PLAN, and<br>DOW CHEMICAL COMPANY<br>RETIREMENT BOARD,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT (ERISA)**<br><br>**CLASS ACTION** |

## INTRODUCTION

Plaintiff Robert Johnston brings this class action individually and on behalf of a class of similarly situated current and former employees of The Dow Chemical Company ("Dow") and a former Dow joint venture, DuPont Dow Elastomers ("DDE"). Mr. Johnston and the class members worked first for Dow, then transferred to DDE, and finally returned to Dow upon the dissolution of DDE as a joint venture in mid-2005. Mr. Johnston now alleges that his and the class members' pension benefits have been miscalculated under the Dow Employees' Pension Plan ("Dow Plan"). Upon or

COMPLAINT

after the DDE dissolution, Dow amended the Dow Plan in an effort to replace the plan's existing proration method for calculating benefits for employees who transfer between Dow-affiliated employers with a less favorable reduction method.

Mr. Johnston brings six claims arising from the improper calculation of class members' pensions. First, Mr. Johnston alleges three claims, each asserting that application of the reduction method is improper for an independent reason: the reduction method is inapplicable because it was added to the Dow Plan in violation of ERISA's prohibition on cutbacks of accrued benefits; it does not apply to Mr. Johnston or the class members by its plain terms; and it is inapplicable because it was added to the Dow Plan without required notice to participants that it would reduce their rate of future benefit accrual. Mr. Johnston's fourth claim alleges that the Plan Administrator has miscalculated class members' average annual compensation, which is a factor in determining the amount of their pensions, by erroneously applying a 0.925 multiplier to reduce participants' average annual compensation despite the fact that this multiplier does not apply to them under the plain terms of the Dow Plan. Finally, Mr. Johnston's fifth and sixth claims challenge alternative interpretations of the Dow Plan that the Plan Administrator has proposed in responding to Mr. Johnston's request for review of his pension calculation.

## JURISDICTION

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and the specific jurisdictional statute for claims brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), for all claims.

## VENUE

2.      Venue is properly laid in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the employee benefit plan at issue was administered in this District during the relevant time, some or all of the events or omissions giving rise to the claims occurred in this District, and one or more of the Defendants may be found in this District. Venue is also proper in this District

1  under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to

2  the claims occurred in this District, and one or more of the Defendants resides in this District.

3

4                                              **PARTIES**

5         3.       At all relevant times, Plaintiff Robert Johnston was a participant, as defined in ERISA §

6  3(7), 29 U.S.C. § 1002(7), in the Defendant Dow Employees' Pension Plan, sponsored by The Dow

7  Chemical Company ("Dow"); and/or in its predecessor plans, the Dow Chemical Company Pension

8  and Profit Sharing Plan and the Dow Chemical Company Employees' Retirement Plan, both of which

9  were sponsored by Dow. The Dow Employees' Pension Plan and its predecessor plans are referred to

10 collectively herein as the "Dow Plan."

11        4.       Mr. Johnston resides in Brazoria County, Texas.

12        5.       Mr. Johnston began working for Dow as a student in 1980, and worked for Dow or its

13 affiliates on a full-time basis continuously for over 30 years from June 1981 until his retirement on

14 September 30, 2011. At retirement, Mr. Johnston held the position of Principal Research Scientist.

15        6.       Following his retirement, the Dow Plan made Mr. Johnston's first pension payment on

16 January 31, 2012.

17        7.       Defendant Dow Plan is an "employee pension benefit plan" within the meaning of

18 ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). It is a defined benefit plan, meaning that the Plan consists

19 of a general pool of assets rather than individual dedicated accounts and the employee, upon

20 retirement, is entitled to a fixed periodic payment. At times, the benefit under the Plan has been

21 expressed as a hypothetical account balance, but the employee's benefit upon retirement is a monthly

22 annuity benefit. The Dow Plan provides pension benefits to employees of Dow and affiliated

23 companies.

24        8.       Defendant Dow Chemical Company Retirement Board ("Retirement Board") is the

25 designated Appeals Administrator under Section 7.2 of the Dow Plan, and in that capacity is the named

26 fiduciary charged with making final determinations of benefits under the Dow Plan.

27 ///

28 ///

COMPLAINT
[JOHNSTON V. DOW EMPLOYEES' PENSION PLAN]                                              Page 3

**FACTS**

**DDE Joint Venture**

9.      Mr. Johnston is informed and believes, and based thereon alleges, that Dow entered into an agreement with E.I. Du Pont de Nemours and Company ("DuPont") in or around 1996 to create the joint venture DuPont Dow Elastomers, LLC ("DDE"). This joint venture focused on the development, manufacture, and sale of elastomer products, such as neoprene.

10.     Mr. Johnston is informed and believes, and based thereon alleges, that in the first few years of DDE's existence, approximately 200 Dow employees were transferred to DDE.

11.     At Dow's request, Mr. Johnston agreed to transfer to DDE as of April 1, 1996. He worked as a research associate and scientist at DDE for over nine years, until June 30, 2005.

12.     As of the time of DDE's creation, Mr. Johnston had been working for Dow in various research chemist positions for approximately seventeen years.

13.     Throughout this time, Mr. Johnston was a participant in the Dow Plan and accrued benefits under the Dow Plan.

14.     Effective July 1, 2005, DDE ceased to be a Dow-DuPont joint venture. As a result, after working for DDE for over nine years, Mr. Johnston returned to Dow employment on July 1, 2005.

15.     Mr. Johnston is informed and believes, and based thereon alleges, that approximately 150 other DDE employees were transferred to Dow when the joint venture ceased.

16.     Mr. Johnston is informed and believes, and based thereon alleges, that of these 150 transferred employees, approximately 100 were employees who, like him, had previously transferred from Dow to DDE.

17.      By letter dated October 10, 2005, DuPont informed Mr. Johnston that his Dow Plan "account balance" had been transferred as of March 31, 1996, to the DuPont Performance Elastomers Pension and Retirement Plan ("DuPont Plan"), and that upon his benefit commencement date under that plan, he would receive the greater of his Dow Plan "account balance" with interest or his benefit under the terms of the DuPont Plan, payable as a monthly benefit.

///

///

**Calculation of Benefits Under Grandfathered Benefit Formula**

18.     Effective January 1, 1996, Dow amended the Dow Plan to change the formula for calculating benefits.

19.     Under the amended Dow Plan, however, individuals who were Plan participants on December 31, 1995, are entitled to the greater of their benefit under the old formula ("the grandfathered benefit"), frozen as of December 31, 2005, or their benefit under the new formula.

20.     Thus, the Average Annual Compensation used in the grandfathered formula is based on an employee's highest three consecutive years of compensation, but cannot exceed the employee's average annual compensation calculated as of December 31, 2005. Nor can years of service after December 31, 2005 be counted as credited service under the old formula.

21.     As Mr. Johnston was a plan participant on December 31, 1995, he is eligible for the grandfathered benefit. As of the time of his retirement in 2011, Mr. Johnston's benefit was significantly higher under the grandfathered formula than it would be if calculated under the new formula.

**Calculation of Pensions for Transferred Employees**

22.     Section 9.6 of the Dow Plan governs the calculation of Dow Plan pensions for transferred employees.

23.     Section 9.6(b)(I) addresses employees hired before January 1, 2008 who were transferred to or from a Dow-related entity listed in Addendum 1 to the Dow Plan, on or after January 1, 1996.

24.     DDE is listed as a related entity in Addendum 1 to the Dow Plan.

25.     Section 9.6(b)(i) provides a "proration method" for calculating the pensions of these transferred employees. Under Section 9.6(b)(i)(B), employees who return to coverage under the Dow Plan from a related entity listed in Addendum 1 are "entitled to benefits under the Plan on the basis of Compensation, Credited Service, Vesting Service and Eligibility Service earned under the terms of the Plan while an Employee aggregated to include compensation, credited service, vesting service and eligibility service (all as defined hereunder) earned at such other entity related to the Company multiplied by a fraction, the numerator of which is the Credited Service with the Company and the

1  denominator of which is the Credited Service with the Company plus the credited service (as defined

2  hereunder) with such other entity related to the Company."

3       26.    In calculating Mr. Johnston's benefit, the Plan Administrator included his pre-DDE

4  years at Dow, his DDE years, and his post-DDE years at Dow as "Credited Service" – that is, it

5  counted Mr. Johnston's service from all three periods of time in determining his Credited Service, as

6  required by the terms of the Plan.

7       27.    Upon or after the cessation of the DDE joint venture, Dow amended the Dow Plan to

8  add Section 10.46, addressing calculation of pension benefits for certain categories of former DDE

9  employees who transferred to Dow employment upon the dissolution of DDE. Section 10.46(a)

10  concerns employees who were first hired by DDE; Section 10.46(b) concerns employees who had

11  originally been hired by DuPont who later transferred to DDE; and Section 10.46(c) concerns

12  employees who were transferred to DDE from Dow. As employees who were transferred to DDE from

13  Dow, Mr. Johnston and the class members do not fall within the scope of Section 10.46(a) or Section

14  10.46(b).

15       28.    Section 10.46(c) contains two subsections. The first subsection concerns employees

16  who were transferred to DDE "as part of the asset transfer July 1, 1997 to the DuPont Dow Elastomers

17  Pension and Retirement Plan." The second subsection concerns employees who transferred to DDE

18  from Dow after July 1, 1997.

19       29.    Section 10.46 does not contain any subsection applicable to Mr. Johnston or to Dow

20  Plan participants who are similarly situated to Mr. Johnston with respect to date of transfer to DDE.

21       30.    Instead of the proration method of Section 9.6, Section 10.46(c) provides for a

22  reduction to Dow Plan benefits by "any benefit . . . that may have been earned under the DuPont Dow

23  Elastomers Pension and Retirement Plan" ("reduction method").

24       31.    For Mr. Johnston and similarly situated Dow Plan participants, the pension benefit

25  calculated under the reduction method is substantially less than the benefit calculated under the

26  proration method.

27       32.    Both subsections of Section 10.46(c) acknowledge that employees who began with

28  Dow, transferred to DDE, and then returned to Dow are eligible for the grandfathered pre-1996 benefit

1    formula.

2       33.    Section 10.46 contains a provision governing the calculation of Average Annual

3    Compensation "for Employees covered under this Section who, since the date of the [dissolution of

4    DDE as a joint venture], have less than three years of Annualized Compensation at the time of

5    termination and who are vested at the time of such termination."  Employees in this category will have

6    their Average Annual Compensation calculated by adding their highest base salary to a target

7    performance award, and having the resulting number multiplied by a factor of .925.

8                              **Calculation of Benefits for DDE-Dow Transferees**

9       34.    The Plan calculated Mr. Johnston's pension benefit using the Section 10.46 reduction

10   method rather than the Section 9.6 proration method.

11      35.    Mr. Johnston's monthly benefit is approximately $500 to $1,000 per month more when

12   calculated using the Section 9.6 proration method instead of the Section 10.46 reduction method.

13      36.    In a letter dated December 27, 2012, the Retirement Board stated that Section 10.46 has

14   been consistently applied to "other participants in [Mr. Johnston's] situation (i.e. other participants

15   who transferred to DDE from Dow during the early stages of the DDE joint venture, whose benefits

16   under the plan were transferred to the DDE plan, and who returned to Dow at or after the conclusion of

17   the DDE joint venture)."

18      37.    The Dow Plan Administrator calculated Mr. Johnston's Average Annual Compensation

19   under the first paragraph of Section 10.46, applying a 0.925 multiplier to his annualized 2005 Dow

20   compensation and target performance award.

21      38.    Mr. Johnston's monthly benefit is significantly lower when his Average Annual

22   Compensation is calculated using the 0.925 multiplier in Section 10.46 rather than using his highest

23   consecutive three years of compensation prior to December 31, 2005, as called for by the

24   grandfathered benefit formula and Section 9.6.

25      39.    Mr. Johnston is informed and believes, and based thereon alleges, that the Plan

26   Administrator has applied the 0.925 multiplier in Section 10.46 to other employees returning from

27   DDE who had more than three years of service after the return from DDE at the time their employment

28   with Dow ended.

COMPLAINT
[JOHNSTON V. DOW EMPLOYEES' PENSION PLAN]                                                    Page 7

**Exhaustion of Administrative Remedies**

40.    By letter dated August 9, 2012, Mr. Johnston submitted a request for review of the calculation of his pension to the Retirement Board.

41.    The Dow Plan provides that the Retirement Board will send written notification of a determination on a request for review within 60 days of the receipt of the request for review. When special circumstances require an extension of time to process an appeal, the Appeals Administrator must notify the claimant in writing of the need for the extension and provide an explanation as to why the extension is required. The Dow Plan provides that under no circumstances shall the determination take longer than 120 days after the receipt of the request for review.

42.    By letter dated October 4, 2012, the Retirement Board informed Mr. Johnston that it would review his appeal at its November 2012 meeting.

43.    By letter dated December 27, 2012 – 141 days after Mr. Johnston's appeal – the Retirement Board denied the appeal.

44.    Mr. Johnston has exhausted his administrative remedies under the Dow Plan.

**CLASS ALLEGATIONS**

45.    Plaintiff brings the Claims for Relief contained herein on behalf of himself and as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of all members of a Class comprised of all participants in the Dow Plan who (i) worked first for Dow, then transferred to work for DDE, and who then transferred back to Dow upon the dissolution of DDE in 2005; and (ii) are not named Defendants in this action, members of the Dow Chemical Company Retirement Board, or named fiduciaries of the Dow Plan; and the beneficiaries of such participants.

46.    The requirements for maintaining this action as a class action under Fed. R. Civ. P. 23(a), (b)(1) and (b)(2) are satisfied in that:

(a)    The members of the Class are so numerous that joinder of all members is impracticable. Although the exact number of Class Members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that there are approximately 150 United States DDE employees who transferred to Dow upon the dissolution

of DDE in 2005. Of these, Plaintiff is informed and believes that approximately two-thirds fall within the Class.

(b)      There are questions of law and fact common to the Class, including but not limited to the following:

>        (i)       Whether the addition of Section 10.46 to the Dow Plan effected a prohibited cutback of accrued benefits in violation of ERISA § 204(g), 29 U.S.C. § 1054(g);

>        (ii)      Whether Section 10.46 of the Dow Plan applies to participants who were transferred from Dow to DDE before July 1, 1997;

>        (iii)     Whether Section 10.46 of the Dow Plan effected a significant reduction in the rate of future benefit accruals, requiring prior notice to participants pursuant to ERISA § 204(h), 29 U.S.C. § 1054(h), and if it did, whether there was an egregious failure to meet the requirements of ERISA § 204(h);

>        (iv)      Whether the 0.925 multiplier in Section 10.46 applies to calculate Average Annual Compensation for Dow employees who, at the time of their retirement, have more than three years of Credited Service at Dow after the dissolution of DDE as a joint venture;

>        (v)       Whether, in applying the Section 9.6 proration method, the Dow Plan must include an employee's pre-DDE years of service in the numerator of the proration fraction; and

>        (iv)      Whether Class members whose benefits are calculated under the grandfathered benefit formula are entitled to have their compensation earned at DDE included in the calculation of their Average Annual Compensation.

(c)      Plaintiff is a member of the Class and his claims are typical of the claims of the members of the Class, as Plaintiff and all members of the Class sustained injury arising out of Defendants' misapplication of Section 10.46 and the related terms of the Plan.

(d)      Plaintiff will fairly and adequately protect the interests of the members of the Class.

Plaintiff has no interests antagonistic to or in conflict with those of the other Class members. Plaintiff is represented by attorneys who specialize in ERISA and class action litigation.

(e)     Prosecution of separate actions by members of the Class would create a risk of inconsistent adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants. Alternatively, adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

(f)     Defendants have acted and/or failed to act on grounds generally applicable to the Class, thereby making appropriate monetary relief, final injunctive relief, and other equitable relief with respect to the Class as a whole.

## FIRST CLAIM FOR RELIEF

### Claim for Benefits - Prohibited Cutback Claim
### [ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)]

47.     Plaintiff incorporates paragraphs 1 through 46, as though fully set forth herein.

48.     ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(b), permits a plan participant to bring a suit to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

49.     ERISA § 204(g), 29 U.S.C. § 1054(g), provides that, subject to certain exceptions not applicable here, "[t]he accrued benefit of a participant under a plan may not be decreased by an amendment of the plan."

50.     At the time of the Plan amendment adding Section 10.46, Mr. Johnston and the Class members had accrued benefits under the Dow Plan.

51.     The amendment adding the Section 10.46 reduction formula to the Plan introduced a formula that reduced the accrued benefits of Mr. Johnston and the Class members. Section 10.46 caused a prohibited cutback by (i) introducing a 0.925 multiplier used for calculating the Average Annual Compensation for some Class Members, which results in a lower Average Annual

Compensation; and (ii) introducing a deduction method for accounting for years of service at DDE, which is less favorable than the previously-applicable proration method contained in Section 9.6.

52.     As the amendment purporting to add the Section 10.46 reduction method effected a prohibited cutback of accrued benefits in violation of ERISA § 204(g), 29 U.S.C. § 1054(g), the amendment must be disregarded and Mr. Johnston and the Class members are entitled to have their benefits calculated using the proration method of Section 9.6.

53.     Pursuant to ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(b), Mr. Johnston and other Class Members are entitled to receive benefits calculated under Section 9.6 retroactively for all months for which they have received benefits, and prospectively for all future benefits.

## SECOND CLAIM FOR RELIEF

### Claim for Benefits - Transfer Timing Claim
### [ERISA § 502(a)(1)(B), 29 U.S.C. §§ 1132(a)(1)(B)]

54.     Plaintiff incorporates paragraphs 1 through 46, as though fully set forth herein.

55.     ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(b), permits a plan participant to bring a suit to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

56.     In calculating Mr. Johnston's pension benefit, the Dow Plan Administrator applied the Section 10.46 reduction method rather than the Section 9.6 proration method.

57.     Mr. Johnston does not fall within the scope of Section 10.46 based on the plain language of that section because he transferred from Dow to DDE prior to July 1, 1997.

58.     As Mr. Johnston does not fall within the scope of Section 10.46, his pension benefit must be calculated using the proration method of Section 9.6(b)(i)(B), which governs employees who have returned to Dow from related entities, including DDE. Properly calculating Mr. Johnston's benefits under Section 9.6(b)(i)(B) shows that he is entitled to a monthly benefit significantly higher than the monthly benefit he is currently receiving.

59.     Mr. Johnston is informed and believes, and based thereon alleges, that other members of the Class have also had their pension benefits erroneously calculated using the Section 10.46

reduction method rather than the Section 9.6 proration method.

60. Mr. Johnston is informed and believes, and based thereon alleges, that the Plan Administrator does not have any records documenting the July 1, 1997 transfer of pension assets and liabilities to the DDE plan.

61. Pursuant to ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(b), Mr. Johnston and other Class members are entitled to receive benefits calculated using the Section 9.6 proration method retroactively for all months for which they have received benefits, and prospectively for all future benefits.

### THIRD CLAIM FOR RELIEF

#### Claim for Benefits - Notice Claim
**[ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)]**

62. Plaintiff incorporates paragraphs 1 through 46, as though fully set forth herein.

63. ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(b), permits a plan participant to bring a suit to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

64. Under ERISA § 204(h)(1), 29 U.S.C.§ 1054(h)(1), a pension plan may not be amended to provide for a significant reduction in the rate of future benefit accrual, unless the plan administrator provides advance written notice to the plan participants setting forth the plan amendment and its effect before the effective date of the plan amendment.

65. Where the failure to provide such notice is "egregious," ERISA § 204(h)(6)(A), 29 U.S.C.§ 1054(h)(6)(A), provides that affected plan participants are entitled to the greater of: (i) the benefits to which they would have been entitled without regard to such amendment; and (ii) the benefits to which they are entitled under the plan with regard to such amendment.

66. ERISA defines an egregious failure as, *inter alia*, "a failure to provide most of the individuals with most of the information they are entitled to receive under this subsection." ERISA § 204(h)(6)(B)(ii), 29 U.S.C.§ 1054(h)(6)(B)(ii).

67. The Plan amendment adding Section 10.46 to the Plan resulted in a significant

reduction in the rates of future benefit accrual for Mr. Johnston and the members of the Class. Prior to the effective date of this amendment, the Dow Plan Administrator failed to provide Mr. Johnston with notice regarding this significant reduction of his future accrual rate. To date, Plaintiff has not received such notice.

68.    Mr. Johnston is informed and believes, and based thereon alleges, the Dow Plan Administrator failed to provide the required notice to any member of the Class at the time of the amendment purporting to add Section 10.46 to the Plan, or at any point thereafter.

69.    Because the Plan Administrator failed to provide the required notice of the amendment purporting to add Section 10.46 to the Plan to any member of the Class, the Plan may not calculate the benefits for members of the Class under Section 10.46 where the application of that Section results in a lower benefit until such a time as the Plan Administrator complies with the notice requirement of Section 204(h)(1).

70.    Pursuant to ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(b), Mr. Johnston and other members of the Class are entitled to receive the greater of their benefit under the unamended Dow Plan and their benefit under the amended Dow Plan.

## FOURTH CLAIM FOR RELIEF

### Claim for Benefits - Annual Compensation Claim
### [ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)]

71.    Plaintiff incorporates paragraphs 1 through 46, as though fully set forth herein.

72.    ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(b), permits a plan participant to bring a suit to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

73.    In calculating Mr. Johnston's Average Annual Compensation, the Dow Plan Administrator applied the 0.925 multiplier as set forth in the first paragraph of Section 10.46.

74.    The application of the 0.925 multiplier is erroneous because the 0.925 multiplier is only applicable to employees who, after returning to Dow from DDE, "have less than three years of Annualized Compensation at the time of termination."

COMPLAINT
[JOHNSTON V. DOW EMPLOYEES' PENSION PLAN]

75.     Mr. Johnston worked for Dow for over six years after transferring from DDE.

76.     Mr. Johnston is informed and believes, and based thereon alleges, other Class members have also had their Average Annual Compensation erroneously calculated using the 0.925 multiplier as set forth in the first paragraph of Section 10.46 despite the fact that they had, at the time their Dow employment terminated, more than three years of Credited Service at Dow after the dissolution of DDE.

77.     Pursuant to ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(b), Mr. Johnston and other members of the Class are entitled to receive benefits based on an Average Annual Compensation that is calculated without the use of the 0.925 multiplier. They are entitled to benefits at this higher rate retroactively for all months for which they have received benefits, and prospectively for all future benefits.

## FIFTH CLAIM FOR RELIEF

### Claim for Benefits - Proration Method Claim
### [ERISA § 502(a)(1)(B), 29 U.S.C. §§ 1132(a)(1)(B)]

78.     Plaintiff incorporates paragraphs 1 through 46, as though fully set forth herein.

79.     ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(b), permits a plan participant to bring a suit to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

80.     In its letter dated December 27, 2012, the Retirement Board took the position that Mr. Johnston's benefit would be lower if it were calculated using the Section 9.6 proration method than when calculated under the Section 10.46 reduction method, because the Retirement Board mistakenly contended that Mr. Johnston's years of Dow service prior to his transfer to DDE are excluded from the numerator of the fraction used in the proration calculation.

81.     The Retirement Board's position is based on an erroneous reading of Section 9.6, and Mr. Johnston seeks to enforce his rights under the Plan with regard to the proper interpretation of Section 9.6.

82.     In calculating benefits under Section 9.6(b)(i)(B) an employee's benefit is first

1  calculated based on service and compensation from his time at both Dow and DDE, and then
2  multiplied by a fraction, "the numerator of which is the Credited Service with the Company and the
3  denominator of which is the Credited Service with the Company plus the credited service (as defined
4  hereunder) with such other entity related to the Company."

5      83.      Other subsections of Subsection 9.6 employ this same multiplier to employees with
6  different dates of hire and dates of transfer between Dow and the enumerated related entities.

7      84.      Mr. Johnston has approximately 17 years of Credited Service with Dow prior to his
8  time working for DDE.

9      85.      Mr. Johnston has approximately six years of Credited Service with Dow after his time
10 working for DDE.

11     86.      In its communications with Mr. Johnston, the Retirement Board has claimed that the
12 numerator in the Section 9.6 multiplier should include only Mr. Johnston's years of Credited Service at
13 Dow since returning to DDE because liability for his pension had been transferred to DDE for his pre-
14 DDE years of service to Dow. In claiming that Mr. Johnston's benefit is lower under Section 9.6 than
15 under Section 10.46, therefore, the Retirement Board erroneously excluded Mr. Johnston's 17 pre-
16 DDE years of Credited Service at Dow.

17     87.      Nothing in Section 9.6, the Plan's definition of Credited Service, or other relevant
18 provisions of the Plan, however, indicates that Mr. Johnston's pre-DDE years of Credited Service at
19 Dow should be excluded from the numerator of the multiplier in Section 9.6.

20     88.      The Retirement Board's proposed exclusion of Mr. Johnston's pre-DDE years of
21 service at Dow from the numerator of the Section 9.6 multiplier is inconsistent with the Plan's
22 treatment of those years elsewhere in its calculation of Mr. Johnston's benefit, and is contrary to the
23 plain terms of the Plan.

24     89.      The exclusion of  Mr. Johnston's 17 pre-DDE years of Credited Service at Dow from
25 the multiplier in Section 9.6 results in a substantially reduced benefit compared with the benefit to
26 which he is entitled when these 17 years are included in the numerator.

27     90.      Mr. Johnston is informed and believes, and based thereon alleges, all members of the
28 Class are or would be similarly harmed by the Plan's erroneous interpretation of Section 9.6 were it

COMPLAINT
[JOHNSTON V. DOW EMPLOYEES' PENSION PLAN]                                        Page 15

applied to the calculation of their benefits.

91.     Pursuant to ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(b), Mr. Johnston and other members of the Class are entitled to receive benefits based on the application of Section 9.6 with their pre-DDE years of Credited Service at Dow counted in the numerator of the multiplier. They are entitled to benefits at this higher rate retroactively for all months for which they have received benefits, and prospectively for all future benefits.

### SIXTH CLAIM FOR RELIEF

**Claim for Benefits - DDE Compensation Claim**
**[ERISA § 502(a)(1)(B), 29 U.S.C. §§ 1132(a)(1)(B)]**

92.     Plaintiff incorporates paragraphs 1 through 46, as though fully set forth herein.

93.     ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(b), permits a plan participant to bring a suit to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

94.     In its letter of December 27, 2012, the Retirement Board took the position that it cannot consider Mr. Johnston's compensation earned at DDE in calculating his Average Annual Compensation to determine the benefits to which he is entitled under the Plan.

95.     The Retirement Board's position is contradicted by the plain terms of the Dow Plan, and Mr. Johnston seeks to enforce his right to benefits under the Plan

96.     Mr. Johnston is entitled to have his benefit calculated under the grandfathered formula because he was a Plan participant on December 31, 1995.

97.     Though Mr. Johnston's Average Annual Compensation cannot exceed his average annual compensation as of December 31, 2005 under the grandfathered formula, nothing in the Plan prohibits consideration of his highest consecutive years of DDE compensation in calculating his Average Annual Compensation.

98.     Section 9.6 requires the Plan to consider compensation earned at DDE in calculating Mr. Johnston's retirement benefit because it provides that employees within the scope of Section 9.6 are "entitled to benefits under the Plan on the basis of Compensation, Credited Service, Vesting

Service and Eligibility Service earned under the terms of the Plan while and Employee aggregated to include compensation, credited service, vesting service and eligibility service (all as defined hereunder) earned at such other entity related to the Company."

99. Mr. Johnston's Average Annual Compensation should therefore be calculated based on his compensation for 2003, 2004, and 2005, without regard to whether that compensation was earned at Dow or at DDE.

100. Mr. Johnston is informed and believes, and based thereon alleges, that the other Class members have had or will have their Average Annual Compensation calculated excluding the compensation they earned for years of service at DDE. Mr. Johnston is informed and believes, and based thereon alleges, inclusion of DDE compensation in the calculation of Average Annual Compensation would result in a higher benefit for members of the Class.

101. Pursuant to ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(b), Mr. Johnston and other Class Members are entitled to receive benefits based on an Average Annual Compensation that is calculated based on compensation earned while at DDE where this would result in a higher Average Annual Compensation. They are entitled to benefits at this higher rate retroactively for all months for which they have received benefits, and prospectively for all future benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

**As to the First Claim for Relief:**

A. Certify this action as a class action pursuant to Fed. R. Civ. P. 23;

B. Order that the Defendant Plan pay Mr. Johnston and all Class Members benefits at the higher rate as calculated under Section 9.6 rather than under Section 10.46, both retroactively and for all future benefits;

C. Award Plaintiffs their attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or the common-fund doctrine; and

D. Award such other and further relief as the Court deems equitable and just.

///

COMPLAINT

[JOHNSTON V. DOW EMPLOYEES' PENSION PLAN]

**As to the Second Claim for Relief:**

      A.      Certify this action as a class action pursuant to Fed. R. Civ. P. 23;

      B.      Order that the Defendant Plan pay Mr. Johnston and all Class members benefits at the higher rate as calculated using the Section 9.6 proration method rather than the Section 10.46 reduction method, both retroactively and for all future benefits;

      C.      Award Plaintiffs their attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or the common-fund doctrine; and

      D.      Award such other and further relief as the Court deems equitable and just.

**As to the Third Claim for Relief:**

      A.      Certify this action as a class action pursuant to Fed. R. Civ. P. 23;

      B.      Order that the Defendant Plan pay Mr. Johnston and all Class members benefits at the higher rate as calculated using the proration method of Section 9.6 of the Dow Plan, both retroactively and for all future benefits;

      C.      Award Plaintiffs their attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or the common-fund doctrine; and

      D.      Award such other and further relief as the Court deems equitable and just.

**As to the Fourth Claim for Relief:**

      A.      Certify this action as a class action pursuant to Fed. R. Civ. P. 23;

      B.      Order that the Defendant Plan pay benefits to Mr. Johnston and all Class members based on an Average Annual Compensation calculated without regard to the 0.925 multiplier set forth in Section 10.46, both retroactively and for all future benefits;

      C.      Award Plaintiffs their attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or the common-fund doctrine; and

      D.      Award such other and further relief as the Court deems equitable and just.

**As to the Fifth Claim for Relief:**

      A.      Certify this action as a class action pursuant to Fed. R. Civ. P. 23;

      B.      Order that the Mr. Johnston and the Class members have the right under the Plan to inclusion of their pre-DDE years of Credited Service at Dow in the numerator of the Section 9.6

1  multiplier, both retroactively and for all future benefits;

2          C.     Award Plaintiffs their attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C.

3  § 1132(g), and/or the common-fund doctrine; and

4          D.     Award such other and further relief as the Court deems equitable and just.

5  **As to the Sixth Claim for Relief:**

6          A.     Certify this action as a class action pursuant to Fed. R. Civ. P. 23;

7          B.     Order that the Defendant Plan pay Mr. Johnston and all Class members benefits based

8  on an Average Annual Compensation calculated to include compensation earned at DDE, where the

9  inclusion of DDE compensation would result in a higher benefit;

10          C.     Award Plaintiffs their attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C.

11  § 1132(g), and/or the common-fund doctrine; and

12          D.     Award such other and further relief as the Court deems equitable and just.

14          Respectfully submitted,

16  Dated:        January 29, 2014     By     s/Robert B. June
Robert B. June
Law Offices of Robert June, P.C.
415 Detroit Street, 2nd Floor
Ann Arbor, MI  48104-1117
Telephone: (734) 481-1000
bobjune@junelaw.com
Attorney Bar Number: P51149

Teresa S. Renaker
Jacob Richards
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
476 – 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
trenaker@lewisfeinberg.com
jrichards@lewisfeinberg.com

*Attorneys for Plaintiff*