UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT JOHNSTON, individually and on behalf
of a class of all other persons similarly situated,

        Plaintiff,                       Case No. 14-cv-10427

v.                                             Honorable Thomas L. Ludington

DOW EMPLOYEES' PENSION PLAN and
DOW CHEMICAL COMPANY RETIREMENT
BOARD,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE, DIRECTING FILING, AND EXTENDING DATES**

The motions challenging experts and dispositive motion cutoff in this matter was set for September 30, 2015. *See* Am. Order Granting Mot. to Extend, ECF No. 22. The parties timely filed motions challenging experts and dispositive motions. *See* Defs.' Mot. for Summ. J., ECF No. 63; Defs.' Mot. for J., ECF No. 65; Defs.' Mot. to Exclude Expert Testimony, ECF No. 67; Pl.'s Mot. to Exclude Expert Testimony, ECF No. 75; Pl.'s Mot. for Summ. J., ECF No. 87. Defendants filed two motions for dispositive relief: a motion for summary judgment, ECF No. 63, and a motion for judgment on the administrative record, ECF No. 65. Plaintiff has moved to strike those motions and force Defendants to consolidate them into one. *See* Pl.'s Mot. to Strike, ECF No. 89. Plaintiff argues that Defendants' two motions are effectively two motions for summary judgment. This, according to Plaintiff, violates both the local rules and the Court's scheduling order. Defendants have yet to respond to the substantive claims made in the motion to

strike but have responded to Plaintiff's request for expedited relief, claiming it is unnecessary. *See* Defs.' Resp. Br., ECF No. 90.

Plaintiff's motion to strike gave rise to substantial collateral issues, however. Specifically, the Court identified issues concerning the proper standard of review and scope of the record. The parties have now fully briefed Plaintiff's motion to strike and the Court's issues concerning proper review. Plaintiff's motion will be denied.

### I.

Both parties agree that this case is, at least in part, an ERISA appeal. Johnston acknowledges that his individual claims should be decided as an appeal from the determination of the plan administrator. Under this framework, Johnston concedes that a motion for judgment on the administrative record is appropriate. Indeed, Johnston argues that the Court should construe his motion for summary judgment as a motion for judgment on the administrative record. The parties dispute the manner in which the Court should conduct this review, but they are in agreement that Johnston's individual claims that were already decided by the Plan Administrator should be reviewed under the ERISA administrative appeal framework. The disputes concerning how the review should be conducted—that is, how expansive should administrative record be, what level of deference should be given to the Plan Administrator's conclusions—are best left to the Court's consideration of the appeal's merits. For now, it is enough to note that Defendants' motion for judgment on the administrative record is the appropriate device by which to test Johnston's challenges to the Board's determination of his retirement benefit.

### II.

The propriety of a motion for judgment on the administrative record does not resolve whether Defendants' motion for summary judgment is proper. Johnston argues that even if a motion for judgment on the administrative is the proper means by which the parties should dispute the conclusions of the Plan Administrator, an additional motion for summary judgment by Defendants is not permitted by the Local Rules or this Court's scheduling order. Johnston cites to authority from the Sixth Circuit that recognizes motions for summary judgment as effectively motions for judgment on the administrative record. *See, e.g., Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 375 (6th Cir. 2009). According to Johnston, that means that motions for judgment on the administrative record are motions for summary judgment. Johnston is mistaken. Just because all apples are fruit does not mean all fruit are apples. Likewise, just because motions for summary judgment may be treated as motions for judgment on the administrative record does not mean motions for judgment on the administrative record are motions for summary judgment. The Local Rules and the Court's scheduling order do not prohibit Defendants' Rule 56 motion, Johnston's motion to strike will be denied.

But even if there were grounds to strike Defendants' motions, Defendants' would have leave to file both motions. As Defendant rightly explains, certain issues raised by Defendant's motion to dismiss address affirmative defenses that could not have been raised at the administrative review stage because they are triggered by Johnston filing a civil lawsuit.[1] Johnston correctly observes, however, that any issues raised as to the class that would be decided in the motions for judgment on the administrative record cannot be revisited post-certification (if certification is warranted). But the affirmative defenses Defendants allege against Johnston, *see supra* n.1, are also alleged to apply to individual class members. Defendants are right in arguing

---

[1] Such affirmative defenses include Defendants' claims that Johnston waived his right to file a civil suit and that his suit is time-barred under ERISA and the Plan.

that these affirmative defenses, individual in nature as they are, are not amenable to class resolution. These would also be properly addressed by a motion for summary judgment. But they could only be addressed if and when a class is certified. Deciding exactly how those issues will be handled, either through the creation of subclasses or additional briefing, is premature at this stage. It is sufficient to note that there is no reason to strike Defendants' motion for summary judgment simply because they direct claims toward putative class members.

### III.

The parties both agree, as noted above, that this case must preliminarily be decided as an administrative appeal based on the administrative record. This approach is correct. Neither of the parties, however, has seen fit to furnish the administrative record to the Court. Whether this is attributable to the Court or the parties is irrelevant at this point. The deficiency must be remedied before this case may proceed. The parties will be directed to file the administrative record—likely in possession of Defendants but compiled with input from both parties—on the Court's docket. *See, e.g.*, Administrative Record, ECF Nos. 34-35, *McKenna v. Aetna Life Ins. Co., et al.*, Case No. 13-12687 (E.D. Mich.).

### IV.

Lastly, an adjournment is appropriate. The stay on briefing will be extended another forty-five days to allow the parties time to file the administrative record and respond to the issues raised in this order. There are also case management dates fast approaching. Those must also be adjourned. They will be moved back sixty days.

### V.

Accordingly, it is **ORDERED** that Plaintiff Robert Johnston's Motion to Strike, ECF No. 89, is **DENIED**.

It is further **ORDERED** that the parties are **DIRECTED** to file the administrative record on the Court's docket and provide a judge's copy to chambers **on or before December 23, 2015**.

It is further **ORDERED** that the briefing stay imposed in the Court's October 14, 2015 Order is **EXTENDED** by an additional 45 days from the day that the stay expired.

It is further **ORDERED** that the following case management and scheduling dates are **ADJOURNED** as follows:

| | |
|---|---|
| Pretrial Disclosures: | **March 15, 2016** |
| Motions in limine: | **April 4, 2016** |
| Final Pretrial Order & Jury Instructions: | **April 25, 2016** |
| Final Pretrial Conference: | **May 3, 2016 at 4:00 p.m.** |
| Trial Date: | **May 17, 2016 at 8:30 a.m.** |

Dated: December 17, 2015         s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 17, 2015.

                                 s/Michael A. Sian
                                 MICHAEL A. SIAN, Case Manager